IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| MICHAEL POSTAR, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 5:24-cv-00019 |
| | § | |
| GAVIN HYLAND, | § | JURY DEMANDED |
| SLATON AFFORDABLE STORAGE, INC., | § | |
| AND DAVID POSTAR, | § | |
| | § | |
| *Defendants*. | § | |

## ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION

1.     Plaintiff, Michael Postar ("Plaintiff" or "Michael"), files this Original Complaint and Application for Preliminary Injunction against Defendants, Gavin Hyland ("Hyland"), Slaton Affordable Storage, Inc. (the "Corporation"), and David Postar ("David") (collectively referred to hereafter as "Defendants").

## I.     PARTIES

2.     Plaintiff, Michael Postar, is an individual and citizen of the State of Texas.

3.     Defendant, Gavin Hyland, is an individual and citizen of the State of Texas and may be served with process at 4206 87th Street, Lubbock, Texas 79423, or wherever he may be found.

4.     Defendant, Slaton Affordable Storage, Inc., is a corporation that is incorporated/organized under the laws of the State of Texas. Slaton Affordable Storage, Inc. has its principal place of business in the State of Texas. Slaton Affordable Storage, Inc. may be served with process by serving its registered agent, Business Filings Incorporated, at 701 Brazos Street, Suite 720, Austin, Texas 78701.

5.      Defendant, David Postar, is an individual and citizen of the State of Texas and may be served with process at Gargoyle Management, Inc., 5625 CR 7410, Lubbock, Texas 79424, or wherever he may be found.

## II.      JURISDICTION AND VENUE

6.      This Court has jurisdiction over the lawsuit pursuant to 28 U.S.C. § 1338 and 28 U.S.C. § 1331 because Plaintiff brings causes of action under the Lanham Act. The Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because Plaintiff's state law claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution, with such supplemental jurisdiction including claims that involve the joinder of additional parties.

7.      Venue is proper in the District Court for the Northern District of Texas, Lubbock Division, pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to this claim occurred in this District and Division.

## III.      CONDITIONS PRECEDENT

8.      All conditions precedent have been performed or have occurred.

## IV.      FACTUAL BACKGROUND

9.      Michael is in the business of operating commercial storage unit facilities; Defendants are also in the business of operating commercial storage unit facilities. The trademarks at issue are owned by Postar IP, LLC.  Michael and David  each own fifty percent (50%) of Postar IP, LLC. By virtue of the Company Agreement of Postar IP, LLC, Michael has the exclusive right to use the trademarks at issue in Lubbock County, Texas.

10.    The Company Agreement of Postar IP, LLC contains the agreement between Michael and David that in Lubbock County, Texas, Michael has the exclusive right to use the federally registered trademarks "Affordable Storage Logo"[1] and "Crown Logo"[2] with "Smiley-Guy" (the "Registered Marks") in Lubbock County, Texas.

11.    The Company Agreement also states that for counties outside of Lubbock, Tom Green, and Midland Counties in Texas, Michael and David have the unfettered right to equally and exclusively use those trademarks anywhere else in the world. The Company Agreement does not permit, and in fact expressly precludes, David or Michael from sub-licensing their use of the rights to the intellectual property owned by Postar IP, LLC.

12.    Among the products and services that Defendants sell are rentals of individual storage units at a self-storage facility, which Hyland and his Corporation marketed and advertised using the protected marks in Lubbock County and Terry County, Texas, where Michael has the exclusive contractual right to use the marks to the exclusion of Hyland and his Corporation.

13.    The trademarks and logos are inherently distinctive, as they neither serve as a name for the services themselves nor describe any quality, characteristic, or ingredient of the services.

14.    Michael developed and has for years used and promoted the Registered Marks in operating and marketing his storage facilities in Lubbock County. Representative copies of some of these materials are attached as Exhibit C. As a result of extensive use and promotion of the Registered Marks, they have acquired a favorable reputation to consumers as an identifier and symbol of Michael's products, services, and goodwill in Lubbock County, Texas. Accordingly, the Registered Marks are strong and are entitled to broad protection.  In fact, they have been deemed incontestable by the United States Patent and Trademark Office.

---

[1] U.S. Trademark Registration No. 5404615 on the Principal Register, *see* Exhibit A herein.
[2] U.S. Trademark Registration No. 5404616 on the Principal Register, *see* Exhibit B herein.

15.     Michael has a common law and contractual interest in, and exclusive right to use the Registered Marks for his Affordable Storage stores in Lubbock County, Texas. He also has a contractual right to exclude Hyland and his Corporation from using the Registered Marks in Terry County, Texas.  The registrations for the Registered Marks are valid and subsisting.

16.     Michael continues to invest substantial sums of money and other resources in promoting his products and services offered under the Registered Marks in Lubbock County, Texas.

17.     Defendants Hyland and his Corporation were granted a limited license to market and use the Registered Marks only for a three (3) year term beginning on August 1, 2018, and terminating on July 31, 2021. *See* Exhibit D (Limited License Agreement).

18.     Despite the expiration on these Defendants' license term, those Defendants continue to use the "Affordable Storage Logo" and "Smiley Guy" marks in association with the storage business, in violation of Michael's contractual and common law rights to such marks, and to Michael's exclusive rights to use the marks in Lubbock County and Terry County.

19.     The wrongful activities of Hyland and his Corporation are willful because they have continued to use the Registered Marks and derivations thereof in Lubbock and Terry Counties, after Michael notified them of his prior and superior rights to exclusively use the Registered Marks in Lubbock County. Before filing this lawsuit, Michael also warned these Defendants that their license to use the Registered Marks had expired, yet those Defendants refused to cease and desist using the Registered Marks, even after Michael demanded their cessation of using the Registered Marks.

20.     Upon information and belief, Hyland is an employee of David's, David assisted Gavin in entering the self-storage industry, and they both use the same artists and website designers

for their respective websites for their businesses. Upon information and belief, David and Gavin also use the same vendor for their printed signage for their businesses. David was aware of the lapse of Hyland's license to use the Registered Marks, and David was aware of Michael's demand to Hyland that he cease use of the Registered Marks because of the lapsed license, but nevertheless David assisted and encouraged Hyland in his continued and unlawful use of the Registered Marks even after the end of the license term. David is aware that under the Postar IP, LLC Operating Agreement, no non-Postar party is permitted to use the Registered Marks, including Defendant Hyland and his Corporation, and that David's rights are not assignable under that agreement. Nevertheless, David has assisted and encouraged Hyland and his Corporation in unlawfully using the Registered Marks in both Lubbock and Terry Counties by David, Hyland, and his Corporation using the same derivation of one of the Registered Marks, thus showing a coordinated marketing effort between David and Gavin, whereby David is allowing, encouraging, and assisting Gavin in using the Registered Marks or derivations of the Registered Marks after the license expired.

## V.     CAUSES OF ACTION

### COUNT 1 – TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT

21.     Michael hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

22.     Hyland and his Corporation and their agents have repeatedly used the Registered Marks and derivations thereof on their self-storage buildings in Lubbock and Terry Counties and on their company website to falsely indicate to consumers that such Defendants are associated with the original "Affordable Storage." This is untrue; following the expiration of their license, such Defendants have no right to use the Registered Marks, and such Defendants are not in any way legally affiliated with the mark, of which the common law interest in and exclusive contractual

right to use in Lubbock and Terry Counties belongs to Michael, to the exclusion of Hyland and his Corporation.

23.     Such Defendants' unauthorized use of the Registered Marks and derivations thereof in Lubbock County in the manner described above is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties by suggesting some affiliation, connection, or association of said Defendants with Michael, or that said Defendants are themselves the original "Affordable Storage" business and legally authorized to use the marks.

24.     Said Defendants' actions, as described above, constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. §1114(1), for which Michael has been legally damaged.

## COUNT 2 – UNFAIR COMPETITION UNDER THE LANHAM ACT

25.     Michael hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

26.     In continuing to use the Registered Marks and derivations thereof on their self-storage buildings in Lubbock County, Texas, and on their company website after the expiration of their license, Defendants Hyland and his Corporation and their agents have made false or misleading statements of fact about their connection or association with Michael's original "Affordable Storage" business and said Defendants' legal authorization to use the marks.

27.     Said Defendants' continued unauthorized use of the Registered Marks and derivations thereof in Lubbock and Terry Counties is literally false and deceives a substantial segment of potential consumers.

28.     Said Defendants' deception is material in that it is likely to influence consumers' purchasing decision by suggesting that said Defendants are themselves the original "Affordable Storage" business and legally authorized to use the marks.

29.     Said Defendants' use of the Registered Marks and derivations thereof in advertising for their company involves interstate commerce.

30.     Said Defendants' actions as described above constitute unfair competition in violation of the Lanham Act, 15 U.S.C. §1125(a), for which Michael has been legally damaged.

## COUNT 3 – REVERSE PASSING OFF UNDER THE LANHAM ACT

31.     Michael hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

32.     Defendant Hyland and his Corporation and their agents have made false designations of their products and services by their continued use of the registered trademarks for which Michael has the exclusive contractual right to use in Lubbock County, and for which Defendant Hyland and his Corporation have no legal right to use in Lubbock County or in Terry County. Hyland and his Corporation used and intended to use their false designation in interstate commerce, and said Defendants' false designation creates a likelihood of customer confusion. Accordingly, the use by Defendant Hyland and his Corporation of the Registered Marks was a fraudulent device upon the public. Therefore, said Defendants are passing off their goods as those of Michael's. Accordingly, Michael asserts a cause of action for reverse passing off said Defendants' goods as Michael's under the Lanham Act.

## COUNT 4 – PALMING OFF UNDER TEXAS COMMON LAW

33.     Michael hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

34.     Defendant Hyland and his Corporation and their agents have made false designations of their services by their continued use of the Registered Marks for which Michael has the exclusive right to use in Lubbock County, and for which Defendant Hyland and his

Corporation have no legal right to use in Lubbock County and in Terry County. This false designation of services has a substantial economic effect on interested commerce, and the false designation creates a likelihood of confusion among consumers. Accordingly, the use by Defendant Hyland and his Corporation of the registered trademarks was a fraudulent device upon the public and that therefore said Defendants are palming off their goods as those of Michael's. Accordingly, Michael asserts a common law cause of action for palming off said Defendants' goods as Michael's under Texas common law.

## COUNT 5 – UNFAIR COMPETITION BY COMMON LAW MISAPPROPRIATION UNDER TEXAS COMMON LAW

35.     Michael hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

36.     The Registered Marks at issue were the creation of Michael or Michael's creation through his extensive time, labor, skill, and money.  The use of the Registered Marks by Defendants Hyland and his Corporation in competition with Michael has been unlawful, because said Defendants are burdened with little or none of the expense that Michael incurred in developing and registering the marks in question.  Additionally, Michael has suffered damages by said Defendants' unlawful and unfair competition through their misappropriation of the Registered Marks, for which Michael has an exclusive and contractual right to use.  Accordingly, Michael asserts a claim against Hyland and his Corporation under Texas common law for unfair competition by common law misappropriation.

## COUNT 6 – CIVIL CONSPIRACY

37.     Michael hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

38.     All Defendants were a member of a combination of two or more persons.  The object of the combination was to accomplish an unlawful purpose, namely, the unlawful use by Defendants Hyland and his Corporation of the Registered Marks after said Defendants' license had expired, and by misappropriating the Registered Marks and passing off his goods and services as that belonging to Michael and his business so that David's employee, Hyland, could unfairly compete against Michael and harm and diminish Michael's business.  Defendants had a meeting of the minds on this object and course of action, and Defendants Hyland and his Corporation committed unlawful and overt actions of continuing to use the Registered Marks to advertise their business, to further the object of the court of action.  Michael has suffered injury as a proximate cause of the wrongful actions, and thereby asserts a claim against all Defendants for civil conspiracy under Texas common law.

## COUNT 7 – ASSISTING OR ENCOURAGING

39.     Michael hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

40.     Defendants Hyland and his Corporation engaged in activity which accomplished a tortious result, namely, engaging in trademark infringement, reverse passing off, unfair competition under the Lanham Act, engaging in unfair competition by Texas' common law misappropriation, and palming off.  David knew Gavin's conduct constituted a violation of these laws. David gave Gavin assistance or encouragement for Gavin's actions by encouraging Gavin and his Corporation to use the same derivation of one of the Registered Marks, thus showing a coordinated marketing effort between David and Gavin, whereby David is allowing, encouraging, and assisting Gavin in using a derivation of the Registered Marks after the license expired, and David's assistance or encouragement was a substantial factor in causing Gavin's tortious conduct.

Accordingly, Michael asserts a claim against David for assisting or encouraging under Texas common law.

## COUNT 8 – DECLARATORY JUDGMENT

41.    Michael hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

42.    This is a claim for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201.

43.    As set forth herein, Defendants Hyland and his Corporation were granted a limited license to use and market the Registered Marks only for a three (3) year term beginning on August 1, 2018, and terminating on July 31, 2021.  *See* Exhibit D (Limited License Agreement).

44.    Michael seeks a declaratory judgment that the term of the Limited License Agreement has expired and that Hyland and his Corporation therefore have no current right to use the Registered Marks.

45.    An actual justiciable case or controversy exists between Michael, Hyland, and his Corporation regarding the parties' rights under the Limited License Agreement, and to their rights to use the Registered Marks.

46.    Michael will suffer financial and irreparable damage if there is no declaratory relief awarded, because said Defendants may continue to use the Registered Marks without any legal authority to do so, and continue to create confusion in the marketplace as to who actually operates Affordable Storage in Lubbock County.  Said Defendants' continued use of the Registered Marks deprives Michael of his legal right to exclusively use the Registered Marks.

47.    Michael has been legally injured, and will continue to be injured and damaged without declaratory relief from this Court.

## VI.    REQUEST FOR PRELIMINARY INJUNCTION

48.    Michael seeks to enjoin Defendants Hyland and his Corporation, and their agents and representatives from using the registered trademarks and any derivations thereof, or such logos or tradenames in connection with their storage business located in Slaton, Lubbock County, Texas, and Terry County, Texas, during this suit, because this activity infringes upon Michael's right to exclusively use the trademarks in Lubbock County, Texas, and to use them in Terry County, Texas. *See* 15 U.S.C. § 1116.

49.    There is a substantial likelihood that Michael will prevail on the merits because Defendant Hyland, as the owner and/or representative of Defendant Slaton Affordable Storage, Inc., signed an Intellectual Property Agreement ("the Agreement"), attached as Exhibit D, acknowledging the three (3) year term for the license to use the "Affordable Storage Logo" and "Smiley Guy" Registered Marks.

50.    If the Court does not grant a preliminary injunction, said Defendants will continue their activities that infringe on Michael's rights by using the "Affordable Storage Logo" and "Smiley Guy" marks in Lubbock and Terry Counties, Texas.

51.    Michael will likely suffer irreparable injury if the Court does not enjoin Defendants from using the "Affordable Storage Logo" and "Smiley Guy" in Lubbock and Terry Counties, Texas, because Michael's mark will suffer from dilution or generic use.

52.    Said Defendants will not suffer undue hardship or loss as a result of the issuance of a preliminary injunction, because they were put on notice of the license termination prior to the termination date by Michael's counsel and said Defendants have had ample time to cease all use of the "Affordable Storage Logo" and "Smiley Guy" Registered Marks and any derivation thereof in Lubbock and Terry Counties, Texas before the commencement of this lawsuit.

53.    Issuance of a preliminary injunction would not adversely affect the public interest because Defendants may continue operating their business without using the "Affordable Storage Logo" and "Smiley Guy" marks or any derivation thereof in Lubbock and Terry Counties, Texas, and cessation will not otherwise affect their business operations.

54.    Michael asks the Court to set this request for preliminary injunction for hearing and after hearing the request, to issue a preliminary injunction against said Defendants.

## VII.    DAMAGES

55.    As a direct and proximate result of Defendants' conduct, Michael suffered and pleads for the following damages:

        a.    Actual damages;

        b.    Punitive damages;

        c.    Lost profits;

        d.    Disgorgement of Defendants' profits; and

        e.    Reasonable royalties.

56.    Defendants Hyland and his Corporation knew that their unauthorized use of the Registered Marks, or confusingly similar derivations of the marks similar to the Registered Marks would result in a benefit to Defendants.

57.    Said Defendants' unauthorized use of the "Affordable Storage Logo" and "Smiley Guy" Registered Marks and derivations thereof has unjustly enriched Defendants at the expense of Michael's reputation and goodwill in Lubbock and Terry Counties, Texas.

## VIII.   ATTORNEYS' FEES AND COSTS

58.    This is an exceptional case, and Michael is entitled to an award of attorneys' fees under 15 U.S.C. § 1117(a). Defendants' Hyland and his Corporation's continued use of the

"Affordable Storage Logo" and "Smiley Guy" Registered Marks and any derivation thereof in Lubbock and Terry Counties after the expiration of their license has resulted in profits for said Defendants, and justifies an award of attorneys' fees and court costs of the action to Michael. *See Spectrum Ass'n Mgmt. of Texas, L.L.C. v. Lifetime HOA Mgmt. L.L.C.*, 5 F.4th 560, 566–67 (5th Cir. 2021) (finding award of attorneys' fees justified where defendant "maliciously, fraudulently, deliberately, or willfully infringes the plaintiff's mark").  Michael is also entitled to an award of his reasonable and necessary attorneys' fees under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

## IX.    JURY DEMAND

59.    Michael asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## X.    PRAYER

60.    For these reasons, Michael asks for judgment against Defendants for the following:

    a.    That the Court order that Defendants Hyland and his Corporation, their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, be preliminarily and permanently enjoined from the following:

        i.    Using the Registered Marks "Affordable Storage," the "Smiley Guy," or any other confusingly similar derivation thereof, in connection with the promotion, advertising, or offering of self-storage services in Lubbock and Terry Counties, Texas, or anywhere else in the world.

   b.       Michael recover all damages he has sustained as a result of Defendants Hyland and his Corporation's infringement and unfair competition, as the Court determines is appropriate to the circumstances of this case, and that:

     i.     Michael recover said Defendants' profits resulting from their infringement and unfair competition;

    ii.     The Court declare this case an exceptional case and award Michael his reasonable attorneys' fees for prosecuting this suit;

   iii.     Michael recover his damages as alleged above and costs of this suit;

   iv.     Michael recover prejudgment and postjudgment interest, as authorized by law; and that

    v.     Michael have all other relief the Court deems appropriate.

Respectfully submitted,

By: */s/ Fernando M. Bustos*
    Fernando M. Bustos; SBN: 24001819
    fbustos@bustoslawfirm.com
    Deirdre Kelly Trotter; SBN: 45006069
    dtrotter@bustoslawfirm.com
    Benjamin E. Casey; SBN:  24137943
    bcasey@bustoslawfirm.com
BUSTOS LAW FIRM, P.C.
P.O. Box 1980
Lubbock, Texas 79408-1980
(806) 780-3976
(806) 780-3800 FAX

ATTORNEYS FOR PLAINTIFF

# United States of America

## United States Patent and Trademark Office

# AFF☺RDABLE
## STORAGE

**Reg. No. 5,404,615**

**Registered Feb. 20, 2018**

**Int. Cl.: 39**

**Service Mark**

**Principal Register**

MICHAEL R. POSTAR, INC. (TEXAS CORPORATION)
3110 Frankford
Lubbock, TEXAS 79407

CLASS 39: Providing self-storage facilities for others

FIRST USE 5-00-2000; IN COMMERCE 5-00-2000

The mark consists of the word "AFFORDABLE" in all capital letters with a smiley face representing the "O" in "AFFORDABLE". Beneath the word "AFFORDABLE" is the word "STORAGE" in all capital letters.

No claim is made to the exclusive right to use the following apart from the mark as shown: "AFFORDABLE STORAGE"

SER. NO. 87-288,843, FILED 01-04-2017

Director of the United States
Patent and Trademark Office

EXHIBIT
A

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years\***
**What and When to File:**

- ***First Filing Deadline:***  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- ***Second Filing Deadline:***  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and  an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

# United States of America

## United States Patent and Trademark Office



**Reg. No. 5,404,616**

**Registered Feb. 20, 2018**

**Int. Cl.: 39**

**Service Mark**

**Principal Register**

MICHAEL R. POSTAR, INC. (TEXAS CORPORATION)
3110 Frankford
Lubbock, TEXAS 79407

CLASS 39: Providing self-storage facilities for others

FIRST USE 1-00-2012; IN COMMERCE 1-00-2012

The mark consists of the word "AFFORDABLE" in all capital letters with a smiley face wearing a crown tilted to the right representing the "O" in "AFFORDABLE". Beneath the word "AFFORDABLE" is the word "STORAGE" in all capital letters.

No claim is made to the exclusive right to use the following apart from the mark as shown: "AFFORDABLE STORAGE"

SER. NO. 87-288,929, FILED 01-04-2017

Director of the United States
Patent and Trademark Office

EXHIBIT
B

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years\***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.


**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and  an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*


**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO.  Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.



EXHIBIT C



2006





2006





# AFFORDABLE
## SELF STORAGE
### Why Pay A Lot For Storage?

## CLIMATE / DUST CONTROLLED UNITS

# 3901 Sherwood Way
## (West of Arden Rd.)

# 223-8300

**Get $10 off our already Low Prices**

### From $20 a month

- *Free moving trailers with ramps*
- *Electronic gate access*
- *24 hour video monitoring*
- *7 day / 24 hour access*
- *On site managers*
- *Month-to-month rentals*

**Mention this ad**
## Get $10 OFF
**First Month's Rent**



Arden Rd.

W. Ave. N

Sherwood Way

HEB

N

Storage



## No deposit required


UNITED STATES POSTAL SERVICE





# AFFORDABLE SELF STORAGE

**Why Pay A Lot For Storage?**

**CLIMATE / DUST CONTROLLED UNITS**

**2011 BEST OF THE WEST KCBD** — *2 Years In a Row*

## 3 Locations to better serve You!

**50th & Ave. Q**
(Behind United Supermarket)
**767-9777**

Get $10 off our already Low Prices

**Bring in this ad**
Get **$10 OFF** First Month's Rent

**32nd & Frankford**
Affordable West (Just Inside The Loop)
**791-1166**

Get $10 off our already Low Prices

| 50th & Ave. Q 767-9777 | 103rd & Frankford 698-0727 | 32nd & Frankford 791-1166 |
|---|---|---|


**From $20 A Month**


**New Location**


**No Deposit Required**







# Open 7 Days A Week!

 

• Free moving trailers with ramps • Electronic gate access • 24 hour video monitoring
• 7 day/24 hour access • On site managers • Month-to-month rentals



# LUBBOCK
## SOUTH PLAINS

2013 2014

To stop delivery of this directory visit
yellowpagesoptout.com.

2013-2014

BROWNFIELD, FLOYDADA, IDALOU, LAMESA, LEVELLAND, LITTLEFIELD, MULESHOE
PLAINVIEW, POST, SHALLOWATER, SLATON, WOLFFORTH, & SURROUNDING AREAS



# Liggett Law Group, P.C.

Personal
Injury
Lawyers

(806)744-HURT(4878)

Free Consultation    Se Habla Español






Eco-friendly size
Packed with valuable
local business information


yellowbook

For nationwide local search and business solutions, visit yellowbook.com

**908** | STORAGE-HOUSEHOLD & COMMERCIAL | *yellowbook* | **S**

# AFFORDABLE SELF STORAGE
### Why Pay A Lot For Storage?
**CLIMATE / DUST CONTROLLED UNITS**

**6 Locations to better serve You!**

Bring in this ad and get **$10 OFF** First Month's Rent

No Deposit Required

4 Years in A Row — BEST IN LUBBOCK 2013

**50th & Ave. Q** (806) 370-5910 (Behind United)

**103rd & Frankford** (806) 300-8433

**132nd & Frankford** (806) 370-6170

**128th & Quaker** (806) 771-7781 Opening Summer 2013

**32nd & Frankford** (806) 300-8849 (Just Inside the Loop)

**1440 E. Woodrow Rd** (806) 828-4848 Slaton Office

From $20 A Month

RV/Boat Storage

Free Moving Trailers

## Open 7 Days A Week!
• Free moving trailers with ramps • Electronic gate access • 24 hour video monitoring
• 7 day/24 hour access • On site managers • Month-to-month rentals

VISA

**S** | STORAGE-HOUSEHOLD & COMMERCIAL | **909** | *yellowbook*

# A-PLUS Super Storage
**Voted Best Storage in Lubbock 12 years running...**

**2 LOCATIONS TO SERVE YOU BETTER**

**82nd & University** (Behind Walgreens) (806) 370-6151

**38th & Milwaukee** (North of Cracker Barrel) (806) 370-5829

**50% Off for up to 3 Months**

No Deposit Required
24 HR SURVEILLANCE CAMERAS
24 HR /7 DAY ACCESS
CLIMATE CONTROLLED UNITS
COMPUTERIZED CONTROLLED GATES

Free Moving Trailers
22 SIZES AVAILABLE
LIGHTED CONCRETE DRIVES
ON SITE FRIENDLY MANAGERS

VOTED LUBBOCK

# Add-A-Closet! STORAGE
**2 Locations**

Affiliated with

**4th & Frankford** (806) 370-5918
Business Center — Next To Copies
7 Day- 24 Hour Access
30 Digital Surveillance Cameras

**96th & University** (806) 370-588_
Carpeted Units & Hallways
7 Day- 24 Hour Access

BEST DEALS IN TOWN!

2017



# AFF☺RDABLE STORAGE

**Why Pay A Lot For Storage?**



*Mention this ad and get* **$10 OFF** *First Month's Rent*



**KCBD Best of the West 2017** — 9 Years In A Row

**CLIMATE / DUST CONTROLLED UNITS**

## 8 Locations to better serve You!

**50th & Ave. Q**
(Behind United Supermarkets)
(806) 767-9777

**103rd & Frankford**
(Next to Cooper Elementary)
(806) 698-0727

**32nd & Frankford**
(Just Inside the Loop)
(806) 791-1166

**128th & Quaker**
(806) 771-7781

**66th & Frankford**
(Between Frankford & Homestead)
(806) 798-1926

**132nd & Frankford**
(RV/Boat Storage & Shops)
(806) 698-1598

**1440 E. Woodrow Rd.**
(Slaton Office)
(806) 828-4848

**912 Shinnery Ln.**
(Brownfield Office)
(806) 637-0777

**Wolfforth Location**
(North of the Frenship football field)
**COMING SOON**

• Free moving trailers with ramps • Electronic gate access • 24 hour video monitoring
• 7 day/24 hour access • On site managers • Month-to-month rentals

---

# A-PLUS Super Storage




## Voted Best Storage in Lubbock 16 Years Running...
### 5 LOCATIONS TO SERVE YOU BETTER

**82nd & University**
(Behind Walgreens)
806 745-6906

**50% off** for up to 3 Months*

**38th & Milwaukee**
(North of Cracker Barrell)
806 785-7555

**104th & Slide Rd.**
(Diagonal from Fuzzy's Tacos)
806 798-8686

**130th & University**
(RV/Boat Storage & Shops)
806 687-9393

**Clovis Hwy & N. University**
(RV/Boat Storage & Shops)
806 744-3636

✓ NO DEPOSIT REQUIRED ✓ DIGITAL SURVEILLANCE ✓ FREE MOVING TRAILERS ✓ 24 HR/7 DAY ACCESS ✓ ELECTRONIC GATES

*some restrictions apply

## INTELLECTUAL PROPERTY AGREEMENT

WHEREAS, Slaton Affordable Storage, Inc. (the "Corporation") is the owner of self-storage facilities located at 912 Shinnery Lane, Brownfield, Texas 79316 and 1440 E. Woodrow Road, Slaton, Texas 79364 (collectively, the "Storage Facilities");

WHEREAS, the Corporation is owned and controlled by Gavin Hyland and Myranda Hyland (the "Shareholders");

WHEREAS, as of the date of this Agreement the Gavin Hyland is selling all of his shares in a corporation known as 1585 A-PLUS R.V., INC. to Michael Postar and David Postar pursuant to the terms of that certain Stock Purchase Agreement effective July 31, 2018 (the "Stock Purchase Transaction");

WHEREAS, the Corporation currently operates and markets the Storage Facilities using the Registered Trademarks and Crown Logo described on Exhibit A (the "Registered Trademarks and Crown Logo");

WHEREAS, Michael R. Postar, Inc. and David B. Postar are members of Postar IP, LLC ("Postar IP"), the entity that owns the Registered Trademarks and Crown Logo;

WHEREAS, as an integral part of Gavin Hyland's agreement to close the Stock Purchase Transaction, Postar IP has agreed to license the Registered Trademarks and Crown Logo to the Corporation, subject to the terms and conditions of this Intellectual Property Agreement (the "Agreement");

NOW THEREFORE, the Corporation and Postar IP (collectively the "Parties" and individually a "Party") agree as follows:

1.   License. Postar IP hereby grants Corporation the right and license to market and use the Registered Trademarks and Crown Logo in conjunction with the Storage Facilities for a three (3) year term beginning on August 1, 2018 ("Initial Term"). Postar IP permits the Corporation to use the Registered Trademarks and Crown Logo for the operation and marketing of the Storage Facilities, but for no other purpose. Postar IP has full power and authority to make this Agreement.

2.   Termination of Right to Use the Registered Trademarks and Crown Logo. The Corporation's right and license to use the Registered Trademarks and Crown Logo shall terminate on (a) July 31, 2021, unless a written agreement to extend the license is signed on or before May 31, 2021; or (b) the date the Corporation sells the Storage Facilities; or (c) the date the Shareholders no longer own a majority of the issued and outstanding stock of the Corporation, whichever event occurs first. The Corporation shall immediately cease the use of the Registered Trademarks and Crown Logo upon termination as defined in this paragraph.

1

EXHIBIT

D

3.    Miscellaneous.

(a)    *Entire Agreement; Construction.* This Agreement and the other agreements entered into or to be entered into in connection with this Agreement or any transactions under this Agreement, including any annexes, schedules and exhibits hereto or thereto, and other agreements and documents referred to herein and therein, will together constitute the entire agreement between the Parties with respect to the subject matter hereof and thereof and will supersede all prior negotiations, agreements and understandings of the Parties of any nature, whether oral or written, with respect to such subject matter.

(b)    *Governing Law.* This Agreement will be governed by and construed in accordance with the laws of the State of Texas (without giving effect to choice of law principles thereof).

(c)    *Consent to Jurisdiction and Venue.* Each of the Parties irrevocably agrees that any legal action or proceeding with respect to this Agreement, the transactions contemplated hereby, any provision hereof, the breach, performance, validity, or invalidity hereof or for recognition and enforcement of any judgment in respect hereof brought by another Party hereto or its successors or permitted assigns shall be brought and determined in a court of competent jurisdiction in Lubbock County, Texas, or the Federal District Court of the Northern District of Texas – Lubbock Division, and each of the Parties hereby irrevocably submits to any such action or proceeding for themselves and in respect to their property, generally and unconditionally, to the exclusive jurisdiction of the aforesaid courts.

(d)    *Amendments.* This Agreement cannot be amended except by a written agreement executed by the Parties.

(e)    *Assignment.* No Party to this Agreement will convey, assign or otherwise transfer any of its rights or obligations under this Agreement, in whole or in part, without the prior written consent of the other Parties in their sole and absolute discretion. Any conveyance, assignment or transfer requiring the prior written consent of the other Parties pursuant to this subparagraph that is made without such consent will be void ab initio. No assignment of this Agreement will relieve the assigning Party of its obligations hereunder.

(f)    *Captions.* The article, section and paragraph captions are for convenience of reference only, do not constitute part of this Agreement and will not be deemed to limit or otherwise affect any of the provisions hereof. Unless otherwise specified, all references herein to numbered articles or sections are to articles and sections of this Agreement and all references herein to schedules are to schedules to this Agreement, if any.

(g)    *Parties in Interest.* This Agreement is binding upon and is for the benefit of the Parties hereto and their respective successors and permitted assigns.

(h)    *Waivers; Remedies.* Any agreement on the part of a Party hereto to waive or consent to the performance by any other Party of any of its covenants or agreements hereunder shall be valid only if set forth in a written instrument signed on behalf of such Party. Any waiver

2

that is made in contravention of this subparagraph will be void ab initio. No failure or delay on the part of any of the Parties in exercising any right, power or privilege hereunder will operate as a waiver thereof, nor will any waiver on the part of any of the Parties of any right, power or privilege hereunder operate as a waiver of any other right, power or privilege hereunder, nor will any single or partial exercise of any right, power or privilege hereunder preclude any other or further exercise thereof or the exercise of any other right, power or privilege hereunder.

      (i)    *Counterparts*. This Agreement may be executed in separate counterparts (including by facsimile or electronic delivery), each such counterpart being deemed to be an original instrument, and all such counterparts will together constitute the same agreement.

      (j)    *Enforcement*. The Parties agree that irreparable damage would occur in the event that any of the provisions of this Agreement were not performed in accordance with their specific terms. It is accordingly agreed that the Parties shall be entitled to pursue specific performance of the terms hereof, this being in addition to any other remedy to which they are entitled at law or in equity.

      (k)    *Mutual Drafting*. This Agreement and any other agreements entered into or to be entered into in connection with this Agreement shall be deemed to be the joint work product of the Parties and any rule of construction that a document shall be interpreted or construed against a drafter of such document shall not be applicable.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed on July 31, 2018.

**POSTAR IP, LLC**

Michael R. Postar, Inc.,
Member of Postar IP, LLC

By: _____
Michael R. Postar, President

By: _____
David B. Postar, Member of Postar IP, LLC

**SLATON AFFORDABLE STORAGE, INC.**

By: _____
Gavin Hyland, Director

3

## EXHIBIT A

### Registered Trademarks

| Trademark | Registration No. |
|---|---|
| **AFF☺RDABLE** STORAGE | 5404615 |
| AFF☺RDABLE STORAGE Where we treat you like ROYALTY! | 5404619 |
| Where we treat you like ROYALTY! | 5251032 |

### Crown Logo

The smiley face wearing a crown ("Crown Logo") as depicted in the below images:

